COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON


ORDER

| | |
|---|---|
| Appellate case name: | Senior Care Living, VI, LLC and Mark C. Bouldin v. Preston Hollow Capital, LLC, UMB Bank N.A., and TMI Trust Company |
| Appellate case number: | 01-21-00602-CV |
| Trial court case number: | 19-DCV-265897 |
| Trial court: | 458th District Court of Fort Bend County |

On November 1, 2021, appellants, Senior Care Living, VI, LLC and Mark C. Bouldin, filed separate notices of appeal from the trial court's August 4, 2021 Final Judgment and Order Appointing Post-Judgment Receiver. The appellate record was therefore due on December 2, 2021. The clerk's record was filed on December 17, 2021. After several delays, the reporter's record was filed on May 25, 2022. At that time, this Court set a deadline of June 24, 2022 for the filing of appellants' respective briefs. *See* TEX. R. APP. P. 38.6(a). Appellants subsequently filed a motion for extension of time to file their briefs, which was granted by the Court, extending the deadline to July 25, 2022.

On July 18, 2022, appellants and appellees, Preston Hollow Capital, LLC, UMB Bank N.A., and TMI Trust Company, filed a "Joint Motion for Leave to File Agreed Supplement to the Reporter's Record." In their motion, the parties state that the "existing reporter's record does not include 45 exhibits that were offered and admitted at trial." The parties seek to supplement the reporter's record to include the omitted exhibits, and state that they have "cooperated to avoid further delay and request leave to file a Stipulated Supplement" to the reporter's record pursuant to Texas Rule of Appellate Procedure 34.6(e)(1).

Rule 34.6(e)(1) allows the parties "to correct an inaccuracy in the reporter's record, including an exhibit, without the court reporter's recertification." *See* TEX. R. APP. P. 34.6(e)(1). However, there does not appear to be any "inaccuracy in the reporter's record." Rather, the problem consists of items which have been omitted from the reporter's record. Because there is no "inaccuracy," this situation is not governed by rule 34.6(e). In their motion, the parties represent that there are forty-five exhibits which were omitted from the reporter's record filed with the Clerk of this Court. The parties request leave to supplement

the record without requesting that the official court reporter for the 458th District Court of Fort Bend County prepare a certified supplemental reporter's record. Situations where relevant items are omitted from the reporter's record are governed by rule 34.6(d), entitled "Supplementation." *See* TEX. R. APP. P. 34.6(d) ("If anything relevant is omitted from the reporter's record, the trial court, the appellate court, or any party may by letter direct the official court reporter to prepare, certify, and file in the appellate court a supplemental reporter's record containing the omitted items."). Accordingly, the parties' Joint Motion for Leave to File Agreed Supplement to the Reporter's Record is **denied**.

Appellants have also filed an "Unopposed Motion to Clarify Briefing Schedule Due to Incomplete Reporter's Record." In this motion, appellants request that the Court "clarify that, because the reporter's record [is] incomplete, the current briefing deadline of July 25, 2022, is not in effect, and a new briefing deadline will take place once the . . . reporter's record is complete." Appellants' motion to clarify is **granted**. Because the appellate record is not yet complete, a new deadline for the filing of appellants' brief will be established when the official court reporter files a supplemental reporter's record including the omitted items identified by the parties, completing the appellate record. *See* TEX. R. APP. P. 38.6(a).

It is so ORDERED.

Judge's signature: _____/s/ April Farris_____
☑ Acting individually     ☐ Acting for the Court

Date: ___July 26, 2022_____